By the Court :
The two specific acts, performance of which the court is asked to require of the board of medical examinations^ are- (1) the recognition, by the board, of *386 the relator as a legally chartered medical institution in good standing, and (2) the issuance of certificates to practice medicine to holders of diplomas from the relator, who may hereafter make application to the hoard for that purpose.
One of the grounds upon which this relief is sought is, that the provision of section 4403c, of the Revised Statutes, as amended February 27, 1896, (92 O. L.. 44-5), which confers on the state board the power to determine whether a diploma, presented for its action, is one issued by a legally chartered medical institution “in good standing,” and, if determined not to be so, to refuse to the holder of the diploma, a certificate to practice medicine, is in conflict with section 28 of article 2 of the constitution of this state, and of section 10 of article 1 of the federal constitution, being, it is claimed, retroactive in its operation, and in impairment of the obligation of contracts; and also in conflict with the fourteenth article of amendment to the federal constitution, in that it denies to parties due process of law7. It would seem to be a sufficient answrer to this ground of complaint that, if the statutory provision w7hich confers on the state board the power to determine whether a medical institution w7hose diploma is presented for its action, is of good stand, is repugnant to so many constitutional inhibitions, it w7ould be highly improper for the- court to compel the board to exercise that power by recognizing the relator as a medical institution of the character required by the statute.. How7ever, it was held in France v. State, 57 Ohio St., 1, that the statute was not .obnoxious to the constitutional provisions referred1 to.
The other ground on which the writ demanded'is sought is, briefly stated, that, the refusal of the medi *387 cal board to recognize the relator as an institution of the réquired standard, is purely arbitrary and the result of prejudice because the system taught by it is new and different from that adopted by other medical colleges. This does not appear to be a sufficient ground for granting the writ at the relator’s instance. The proper scope of a proceeding in mandamus against an official board, is to command the performance of acts which the law has specifically enjoined upon it as a duty resulting from the office. Section 6741, Revised Statutes. Unless the duty is so enjoined, the remedy is inappropriate. A careful examination of the statutes fails to discover any provision authorizing an application to the board by a medical institution to obtain official recognition of its good standing, or any provision requiring of the board any official action in that behalf upon such an application. And such official action not being enjoined by statute, cannot be required by writ of mandamus. Nor, do we find any provision which makes it the duty of the board to determine in advance of an application for a certificate to practice medicine, whether a person holds a diploma from a medical institution of the proper standing. It is only when a diploma is presented upon such application, that the action of the board can be invoked. Whether, upon the refusal of the board to grant a certificate to an applicant, mandamus will lie on his relation, must depend upon the facts of each case. Such cases cannot be covered by a general order to grant certificates to the graduates of any particular college or institution, for, until an application is actually made, by one who then shows himself entitled to a certificate, the duty of the board to grant it does not arise. And then, for a refusal to perform that duty, the remedy be *388 longs to the applicant, as the party directly interested, and not to the college on whose diploma the application was made, and whose interest is only remotely affected.
The statute, does not define what shall constitute a medical institution “in good standing.” Its .language is that, “if the board shall find the diploma to be genuine, and from a legally chartered medical institution in good standing, as determined by the board,” etc., thus leaving the standing of the institution whose diplpma is presented by an applicant, to be determined according to the best judgment of the board.
, It is unnecessary to inquire here whether there may be cases in which the courts would undertake to correct. or control the judgment of the board on this question. . It is clear that the' standing of a medical college within the meaning of the statute, is not to be.determined alone from the:course of study it has prescribed for graduation. The statute imports, at least, that the institution shall be one which has. established a favorable reputation among members of the medical profession; and the board should not be required to recognize one, that, from the brief period of its existence, or the novelty of its system of treatment has not yet acquired such reputation, but might, in the judgment of the board, be considered as still in an experimental state. The statute has undoubtedly left much in this respect to the sound discretion of. the members of the board, who, in passing upon the various applications presented to them, it must be assumed, will act as their official position requires, fairly, impartially, and justly to all. concerned. .

■Demurrer sustained and petition dismissed.